UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

KELLY COOKSEY,                                                    Plaintiff,

v.                                              Civil Action No. 3:24-cv-720-DJH-RSE

XCLUSIVE PROFESSIONAL AUTO
DETAIL, LLC and
MICHAEL W. WARFIELD,                                          Defendants.

* * * * *

## ORDER

Plaintiff Kelly Cooksey moves for default judgment against Defendants Xclusive Professional Auto Detail, LLC and Michael W. Warfield.  (Docket No. 12)  The Clerk of Court previously entered default against both defendants.  (D.N. 8)

In support of the motion, Cooksey attaches an affidavit by her counsel and documentation from the U.S. Department of Labor showing that Cooksey is owed $5,083.83 in back wages.  (D.N. 12-2; D.N. 12-3)  Cooksey seeks that amount, as well as liquidated damages, attorney fees, and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b); and the Kentucky Wages and Hours Act, Ky. Rev. Stat. § 337.385.  (D.N. 12-1, PageID.55)  She also seeks prejudgment interest at six percent.  (*Id.*)  She cites no authority supporting the latter request, however, and "the Supreme Court has held that a plaintiff cannot recover both liquidated damages and prejudgment interest under the Fair Labor Standards Act."  *Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 841-842 (6th Cir. 2002) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 715–16 (1945); *McClanahan v. Mathews*, 440 F.2d 320, 325 (6th Cir. 1971)).

Further, although the memorandum in support of the motion asserts that "[t]here is no evidence Defendant Warfield is a minor or incompetent person" (D.N. 12-1, PageID.56), *see* Fed.

1

R. Civ. P. 55(b), the affidavit from counsel does not support that assertion. (*See* D.N. 12-2) Nor does the affidavit contain the information required by 50 U.S.C. § 3931, which provides that before a court may enter default judgment, the plaintiff must file an affidavit

> (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

§ 3931(b)(1). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)    The motion for default judgment (D.N. 12) is **DENIED** without prejudice.

(2)    Within **thirty (30) days** of entry of this Order, Cooksey shall file a revised motion accompanied by an affidavit that includes the information outlined above, as well as documentation of the costs and attorney fees incurred, in addition to the evidence of back wages submitted with the initial motion.

July 28, 2025

**David J. Hale, Judge**
**United States District Court**